# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GLORIA H. ROSS, INDIVIDUALLY**                    **CIVIL ACTION**
**AND AS ADMINISTRATRIX OF THE**
**ESTATE OF JOHN A. ROSS, SR.**

**VERSUS**                                           **NO. 09-3501**

**THE HANOVER INSURANCE COMPANY**        **SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion for Authority to File First Amended Complaint for Damages for Breach of Contract" filed on behalf of plaintiff Gloria H. Ross, individually and as administratrix of the estate of John A. Ross, Sr. (Doc. 6). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **GRANTS** the motion.

## BACKGROUND

On August 29, 2005, The Hanover Insurance Company ("Hanover") insured the property owned by Gloria Ross, individually and as administratrix of the estate of John A. Ross, located at 705 West Church Street, Hammond, Louisiana. Following Hurricane Katrina, Mrs. Ross made a claim under the policy for damage due to the hurricane. Hanover paid plaintiff a "small" amount for the damages sustained. Plaintiff accepted that amount; she did not file suit to recover any additional damages.

More than three years later, on September 1, 2008, the property sustained damage during Hurricane Gustav. Hanover paid plaintiff $18,144.00 representing additional living expenses and damages to the structure and its contents. Mrs. Ross thinks that Hanover paid less than the full amount of the damages because it took the position that there was pre-existing damage to the

property prior to Hurricane Gustav.

Dissatisfied with the amount of damages paid by Hanover, Gloria Ross, individually and as administratrix of the estate of John A. Ross, Sr. filed suit in state court against Hanover seeking payment of an additional $128,762.00 in damages to the property allegedly caused by Hurricane Gustav, additional living expenses, and penalties and attorney fees under Louisiana law. Hanover removed the suit to federal court.

Plaintiff now moves to amend her complaint to add an alternative claim alleging that the damage complained of in the complaint resulted from Hurricane Katrina and seeking penalties and attorney fees for Hanover's arbitrary and capricious refusal to properly compensate plaintiff for the damages sustained due to Hurricane Katrina. Hanover opposes the motion contending that the proposed amendment is futile because the applicable statute of limitations prevents the claim described in the proposed amendment.

## LAW AND ANALYSIS

A district court has discretion to grant a motion to amend, and leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). However, a district court does not abuse its discretion when it denies leave to amend because the amendment would be futile. *See Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872 (5th Cir. 2000). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.*

The proposed amendment does not appear to seek damages for the additional alleged Katrina damages. Rather, the amendment appears to seek only damages for Hanover's arbitrary and capricious refusal to properly compensate plaintiff for the Hurricane Katrina damages. Defendant

opposes the motion contending that the amendment is futile and goes on to state that "[i]t is highly questionable whether the proposed amendment would relate back under Fed.R.Civ.P. 15(c)(1) to the date of the initial complaint, as the proposed amendment does not rise out of the same conduct, occurrence, or transaction as the initial complaint, i.e., it does not arise out of Hurricane Gustav." Doc. 7, p. 2. Hanover's opposition is off the mark. There is no need to examine whether plaintiff's requested amendment relates back to the filing of the initial complaint. Because less than a year has passed since Hurricane Gustav, the prescriptive period for claims for damages resulting from that storm has not yet elapsed.

Defendant also urges that the proposed amendment would be futile because Hurricane Katrina occurred almost four years ago, and therefore "[t]he applicable statute of limitations would prevent the existence of any such claims as that described by the proposed amendment." Doc. 7, p. 3. Assuming plaintiff is attempting to add a claim for damages resulting from Hurricane Katrina, defendant fails to identify the "applicable statute of limitations." The present record does not include any information as to whether the insurance policy in effect on August 29, 2005, established a prescriptive period longer than the one year period usually applicable to claims for hurricane damage or the two year period applicable to Hurricane Katrina claims. Assuming that the insurance policy in effect on August 29, 2005, did not specify a prescriptive period in excess of three years, a claim for penalties and attorney fees under La. Rev. Stat. 22: 1892 , previously La. Rev. Stat. 22:658, may be futile; however, that fact is not apparent from the face of the complaint and the amendment. Additionally, with respect to a claim under La. Rev. Stat. 22:1973, previously La. Rev. Stat. 22:1220, for breach of the insurer's duty of good faith and fair dealing, it cannot be determined from the face of the complaint or the amendment whether such a claim would be futile.

Claims under La. Rev. Stat. 22:1973 are delictual in nature and are subject to a liberative prescription of one year. *See Brown v. Protective Life Insurance Company*, 353 F.Supp. 2d 739, 743 (E.D. La. 2004)(Lemmon, J.). The prescriptive period begins to run from the day injury or damage is sustained. *Id.* Defendant's opposition does not address when plaintiff sustained the alleged injury or damage, and based on the current record, analysis of that issue at this time would be premature. Because the Court cannot at this time conclude that the claim sought to be added by plaintiff is futile, the Court grants the motion to amend.

New Orleans, Louisiana, this 27th day of August, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE